UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA NICOLE HICKSON,

    *Plaintiff*,

v.

ALBERT NEWELL, JR., et al.,

    *Defendants*.

Civil Action No. 24-3576 (TJK)

## MEMORANDUM

Plaintiff appears to be involved in a custody dispute that began in Maryland state court and was at some point transferred to the Superior Court of the District of Columbia. Dissatisfied with those state court proceedings, she filed this pro se action against several individuals, including her child's guardian ad litem, the child's biological father, a Maryland state court judge, and a doctor, alleging they violated her constitutional and statutory rights—specifically, the Fourteenth Amendment, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, "and other relevant statutes." ECF No. 4 at 17. Among other things, she asks the Court to transfer the custody matter back to Maryland and to issue emergency injunctive relief against Defendants. *See id.* at 19; ECF No. 8 at 2–3.

The Court will sua sponte dismiss this case for lack of subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("[A] district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction."). To begin, this Court has no jurisdiction to review or overturn any ruling by a Maryland court, including any order transferring the case to the D.C. Superior Court. *See, e.g.*, *United States v. Choi*, 818 F.

Supp. 2d 79, 85 (D.D.C. 2011) ("[District courts] generally lack[] appellate jurisdiction over other judicial bodies[] and cannot exercise appellate mandamus over other courts.").[1]

More fundamentally, federal courts have no business interfering with child-custody proceedings in state court. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). But that is what Plaintiff asks the Court to do. For instance, she requests that the Court restrain Defendants "from further interfering with reunification therapy" between her and her son and prohibit them "from making unilateral decisions regarding visitation [and] therapy schedules." ECF No. 8 at 2. But "state custody determinations fail to implicate any constitutional or federal statutory right" and thus "must be contested in the local court where the proceedings [a]re held." *Rollins v. Greene-Campbell*, No. 1:24-cv-01139 (UNA), 2024 WL 2746750, at *2 (D.D.C. May 24, 2024).

Moreover, while Plaintiff vaguely alleges violations of her "civil rights" and refers to 42 U.S.C. § 1983, the ADA, and the Rehabilitation Act, such "unexplained references" to violations of federal law are "insufficient to establish federal question jurisdiction." *Paul v. Didizian*, 819 F. Supp. 2d 31, 36 (D.D.C. 2011); *Amiri v. Gelman Mgmt. Co.*, 734 F. Supp. 2d 1, 2 (D.D.C. 2010), *aff'd*, 427 F. App'x 17 (D.C. Cir. 2011) (reference to "violation of the Civil Rights Act of 1964" with no "factual allegations or any explanation of the basis for [the] claim" insufficient to establish jurisdiction).[2] Moreover, none of those statutes provides for liability against private individuals

---

[1] In addition, to the extent Plaintiff alleges that the Maryland state court judge violated her constitutionally protected rights by ruling against her, judges are entitled to absolute judicial immunity from suit for rulings issued in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Fuller v. Mott*, No. 14-711, 2014 WL 1688038, at *1 (D.D.C. Apr. 23, 2014).

[2] Plaintiff also refers to the Whistleblower Protection Act ("WPA") in one of her many motions and asserts that she was unlawfully terminated from her job at the Federal Emergency Management Agency after she made "disclosures of significant misconduct." *See* ECF No. 12 at 1. That claim strays far from those brought in the amended complaint. In any event, "[u]nder no circumstances does the WPA grant the District Court jurisdiction to entertain a whistle-blower cause of action brought directly before it in the first instance." *Harris v. Bodman*, 538 F. Supp. 2d

like Defendants. *See Amariglio v. Nat'l R.R. Passenger Corp.*, 941 F. Supp. 173, 177–78 (D.D.C. 1996); *Alston v. District of Columbia*, 561 F. Supp. 2d 29, 36–37 (D.D.C. 2008). And § 1983 "protects against acts attributable to a State, not those of a private person." *Lindke v. Freed*, 601 U.S. 187, 194 (2024).[3]

Because the Court can discern no federal question from the face of the complaint, and since Plaintiff does not assert diversity of citizenship as the basis for jurisdiction, the Court will dismiss the case without prejudice. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: January 28, 2025

---

78, 82 (D.D.C. 2008) (quoting *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002)); *see* 5 U.S.C. § 1214(a)(1)(A).

[3] In her complaint and in some of her motions, Plaintiff makes fleeting reference to certain "[c]ybercrimes" committed by the child's father that, she contends, provide grounds for "ex parte relief." ECF No. 6 at 2; ECF No. 9 at 2; ECF No. 4 at 15, 17. And in one motion she hints at a violation of the "Computer Fraud and Abuse Act." ECF No. 8 at 1. To the extent Plaintiff seeks to bring a claim under this statute—and it is not clear that she does—the Court dismisses any such claim without prejudice for failure to state a claim, because Plaintiff alleges no "facts that would allow the Court to discern the substance of [her] claim[] or to determine whether, if true, her allegations would entitle her to relief." *Lee v. U.S. Treasury Dep't*, No. 22-cv-1835 (RDM), 2022 WL 2452612, at *1 (D.D.C. July 6, 2022) (citing *Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016)).